UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                :

**IRINA RUBALSKAYA**,

                 Plaintiff,

                         **MEMORANDUM DECISION AND ORDER**

– against –

                         23-CV-4625 (AMD)

**COMMISSIONER OF SOCIAL SECURITY**,

                 Defendant.
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       Before the Court is the plaintiff's counsel's motion for $39,188.00 in attorney's fees, pursuant to 42 U.S.C. § 406(b). (ECF No. 21-2 at 1.) The Commissioner takes no position on the motion. (ECF No. 22 at 1.) For the reasons that follow, the motion is granted.

## BACKGROUND

       The plaintiff applied for social security benefits on February 12, 2021, with a disability onset date of September 26, 2019. (ECF No. 9 at 14.) The Social Security Administration ("SSA") denied the plaintiff's claim. On June 14, 2023, the plaintiff retained the Law Offices of Michael Swaaley to appeal the SSA's denial of disability insurance benefits. (ECF No. 21-3 (Ex. 1, Retainer and Fee Agreement).) The plaintiff signed a retainer agreement, which includes the following fee arrangement:

> If the case is remanded by the United States District Court to the Social Security Administration for review or additional testimony, and I am awarded past-due benefits by . . . an Administrative Law Judge after an additional hearing, the law firm may apply for fees to U.S. District Court under §406(b). . . . These fees will not exceed 25% of the back due benefits due me and my family. Fees will be approved by the U.S. District Court pursuant to §406(b) of the Social Security Act.

(*Id.* at 1.)

The plaintiff filed her complaint on June 21, 2023.  (ECF No. 1.)  The Commissioner filed the administrative record of the Social Security Appeal (ECF No. 9), and on January 7, 2024, the plaintiff filed her motion for judgment on the pleadings (ECF No. 11; ECF No. 21-2 at 2).  The parties moved jointly to remand the case to the SSA, which the Court did on March 19, 2024.  (ECF No. 15.)[1]

After a hearing, an administrative law judge ruled in the plaintiff's favor on November 26, 2024.  (ECF No. 21-6, (Ex. 4, ALJ Decision).)  The SSA awarded the plaintiff $156,752.00 in past-due benefits and withheld 25 percent of that balance — $39,188.00 — to pay the plaintiff's counsel upon the Court's approval.  (*Id.* at 2–3.)

Counsel requests a fee award of $39,188.00 — the full 25 percent withheld from the plaintiff's past-due benefits balance — and affirms that he will refund to the plaintiff the "lesser of" either the sum awarded here, under Section 406(b), or the previously awarded EAJA fees, which were $8,684.01.  (ECF No. 21-2 at 7.)  The Commissioner takes no position on the motion.  (ECF No. 22 at 1.)

## LEGAL STANDARD

Under 42 U.S.C. § 406(b), the Court may award a "reasonable fee" to the prevailing plaintiff's attorney, "not in excess of 25 percent of the total of the past-due benefits."  42 U.S.C. § 406(b)(1)(A).  A court's determination of reasonableness under Section 406(b) "should 'begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'"  *Long v. Comm'r of Soc. Sec.*,

---

[1] Pursuant to the parties' stipulation, on March 27, 2024, the Court awarded the plaintiff's counsel $8,684.01 in attorney's fees and expenses under the Equal Access to Justice Act ("EAJA").  (ECF No. 18.)

2

No. 18-CV-1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

To assess whether a contingency fee is "reasonable," courts consider, among other things: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Wells*, 907 F.2d at 372). In analyzing these factors, courts evaluate the gross amount of attorney's fees to be awarded, rather than a net fee awarded under Section 406(b) after offsetting an EAJA award. *See, e.g.*, *Reyes v. Berryhill*, No. 17-CV-7214, 2021 WL 1124752, at *3 (E.D.N.Y. Mar. 24, 2021).

Whereas EAJA fees "are paid by the government to the litigant to defray the cost of legal services," fees under Section 406(b) "are paid by the litigant to the attorney from the past-due benefits awarded." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988). A court may award attorney's fees under both the EAJA and Section 406(b), but the plaintiff's attorney "must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citation omitted).

## DISCUSSION

The plaintiff's attorneys seek a fee award of $39,188.00, or 25 percent of the total past-due benefits. Under the retainer agreement, the plaintiff agreed that her attorneys could seek a fee award not exceeding 25 percent of the past-due benefits awarded after the Court remanded the case to the SSA for decision by an ALJ. (ECF No. 21-3 (Ex. 1, Retainer and Fee Agreement).) This 25 percent comports with the statutory cap in Section 406(b). *See* 42 U.S.C.

3

§ 406(b)(1)(A). No evidence in the record suggests that the fee arrangement was procured by fraud or overreaching, or that the attorneys were ineffective or otherwise caused unnecessary delay. On the contrary, counsel successfully persuaded the Commissioner to stipulate to the remand, after which the SSA awarded the plaintiff past-due benefits.

The Court must also consider whether the requested fee is a windfall. To determine whether a fee award constitutes a windfall, courts consider the "de facto hourly rate," the "ability and expertise of [counsel]," "the nature and length of the professional relationship with the claimant," "the satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022).

Counsel asserts that he spent 40 hours on the plaintiff's matter (ECF No. 21-2 at 6), which yields a *de facto* hourly rate of $979.70. That rate falls comfortably within "the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Dorta v. Saul*, No. 18-CV-396, 2021 WL 776446, at *2 (S.D.N.Y. Mar. 1, 2021) (citations omitted); *see, e.g.*, *Baron v. Astrue*, 311 F. Supp. 3d 633, 637–38 (S.D.N.Y. 2018) (collecting cases that approved *de facto* hourly fees ranging from $1,072.17 to $2,100.00).

This effective hourly rate undoubtedly represents "the product of competent and efficient advocacy, which should not be held against counsel in their request for fees." *Valle v. Colvin*, No. 13-CV-2876, 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019). Indeed, "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." *Fields*, 24 F.4th at 854. Thus, the requested fee does not constitute a windfall. The attorneys achieved a successful outcome for the plaintiff, which was by no means "certain." *See id.* at 855 ("Lawyers who operate on contingency — even the very best ones — lose a significant number of their

4

cases and receive no compensation when they do."); *Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.").

Finally, where the fee awards are made under both the EAJA and Section 406(b), the SSA must disburse the entire Section 406(b) award to the plaintiff's counsel, who must then refund the smaller award to the plaintiff. *See Gisbrecht*, 535 U.S. at 796; *Wells*, 855 F.2d at 41–42. As noted above, counsel has agreed to refund the EAJA award to the plaintiff. (ECF No. 21-2 at 7.)

## CONCLUSION

The plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is granted. The Commissioner is directed to release $39,188.00 to counsel from the plaintiff's withheld past-due benefits, in accordance with agency policy. Upon receipt of that award, counsel must promptly refund the plaintiff $8,684.01, the fee amount that counsel previously received under the EAJA. The case remains closed.

**SO ORDERED.**

                                                               s/Ann M. Donnelly
                                                               ANN M. DONNELLY
                                                               United States District Judge

Dated: Brooklyn, New York
       July 23, 2025